**IBERIA SUGAR COOPERATIVE, INC.**

v.

**UNITED STATES of America.**

**Civ. A. No. 15528.**

United States District Court,
W. D. Louisiana,
Lafayette Division.

Sept. 6, 1972.

Landry, Watkins, Cousin & Bonin, New Iberia, La., for plaintiff.

Donald E. Walter, U. S. Atty., Shreveport, La., Fleming T. deGraffenried, Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

HUNTER, Judge:

This suit seeks the refund of federal income taxes and interest paid by Iberia Sugar Cooperative, Inc., pursuant to an assessment made by the Internal Revenue Service against Iberia Sugar Cooperative, Inc., for additional federal income taxes and interest for the fiscal years ended March 31, 1963, and March 31, 1964.

QUESTION PRESENTED

Whether the disputed portion of the patronage dividends distributed by taxpayer to its member patrons, which portion was attributable to the non-member tenants' shares of the sugar cane crop, constitutes excludible patronage dividends which may be deducted for federal income tax purposes.

968

## FACTS

The facts have been established by the pleadings, by stipulation, or have been set forth in plaintiff's answers to interrogatories.

Iberia operated on a cooperative basis as a non-tax-exempt corporation, processing and marketing sugar cane during its fiscal years ending March 31, 1963, and March 31, 1964. Taxpayer's members included only persons, firms, or corporations engaged in the production of sugar cane, as landlords or tenants or lessors or lessees. During the period in issue, sugar cane from lands covered by marketing agreements between taxpayer and its members was brought to taxpayer. For all cane that is received and accepted, the taxpayer would pay an immediate cash advance to the landowners and tenants as their names appeared on Marketing Lists furnished by Department of Agriculture or as per division arrangements made by the member landlord. At the end of the taxpayer's fiscal year, when its profit or loss from operations was determined, taxpayer distributed its net earnings, all of which it termed patronage dividends, to its members. The patronage dividends were paid only to members of taxpayer, and included all savings or earnings realized in excess of taxpayer's cost of doing business. The patronage dividends were distributed to the taxpayer's members in the same proportion as the number of tons of cane furnished by each member bears to the total number of tons of cane processed by taxpayer for all of its members.

Marketing agreements between taxpayer and its members state, if effect, that the taxpayer buys and the member sells to the taxpayer, for a period of ten years, all sugar cane grown, produced, or acquired by or for the member as landlord or tenant, lessor or lessee, on the property described in the agreement which is owned, leased, or controlled by the member. These marketing agreements are with landowners, landlords or tenants, or lessors or lessees. The taxpayer had no marketing agreements with non-member lessors, lessees, landlords or tenants.

The Tax controversy here involves only the fact situation presented where taxpayer dealt with members who were landlords whose tenants were not members of taxpayer. In that fact situation, the patronage dividend was partially attributable to the member landlord's share of the crop and its proceeds, and was partially attributable to the non-member tenant's share of the crop and its proceeds. Although that patronage dividend was partially attributable to the non-member tenant's share of the crop and its proceeds, that patronage dividend was distributed only to the member landlords.

The total patronage dividends distributed to members of taxpayer during the year ended March 31, 1963, amounted to $143,483.74. The portion of those patronage dividends for that year attributable to the non-member tenants' shares of the cane harvested and delivered to taxpayer is $44,944.99. The total patronage dividends distributed to members of taxpayer during the year ended March 31, 1964, was $836,624.84, and the portion attributable to the non-member tenants' share of the cane harvested and delivered to taxpayer is $294,728.71.

In the case of the patronage dividends that are attributable to the cane crop of member landlords and non-member tenants, the cane was in some instances grown, harvested, and delivered by the member landlord, and in some instances grown, harvested, and delivered to taxpayer by the non-member tenant. During the two years involved in this lawsuit, the taxpayer had no obligation whatsoever to distribute patronage dividends, refunds, or rebates to any non-members of taxpayer.

Taxpayer's only legal obligation to distribute patronage dividends was its legal obligation to distribute patronage dividends to members of taxpayer.

On its federal income tax returns for the years in issue, plaintiff deducted not only the portion of the patronage divi-

dends attributable to the members' shares of the sugar cane crop, but also the portion of the patronage dividends attributable to the non-member tenants' shares of the sugar .cane crop. The Internal Revenue Service disallowed as a deduction only the portion of the patronage dividends attributable to the non-member tenants' shares of the crop, and assessed additional income taxes and interest as a result of such disallowance. The taxpayer has paid this assessment and here sues for a refund.

## THE LAW

The taxpayer is allowed, by the Internal Revenue Code, to deduct various items from its income in order to arrive at its taxable income on its federal income tax return. One of taxpayer's allowable deductions for federal income tax purposes is the deduction for patronage dividends. Taxpayer's deduction for patronage dividends is provided by Section 1382(b) of the Internal Revenue Code of 1954, which, in effect, allows taxpayer to deduct its patronage dividends from its income to arrive at its net taxable income.

The term "patronage dividend" is defined by Section 1388(a), which says, in effect, that the term patronage dividend means an amount paid to a patron based on business done with or for such patron, and paid to that patron under an obligation which existed before taxpayer received the amount so paid. Section 1388(a) does, however, place the following highly significant restriction on patronage dividends:

(a) Patronage dividend.— * * *

* * * * * *

Such term does not include any amount paid to a patron to the extent that (A) such amount is out of earnings other than from business done with or for patrons, or (B) such amount is out of earnings from business done with or for other patrons to whom no amounts are paid, or to whom smaller amounts

are paid, with respect to substantially identical transactions. (Emphasis supplied.)

The taxpayer concedes that no part of the patronage dividends was paid by it directly to the non-member tenants, and further that taxpayer had no obligation to pay any portion of the patronage dividends to the non-member tenants. Since the Internal Revenue Code excludes from the patronage dividend deduction amounts paid to members to the extent that such amounts are attributable to business done with or for other patrons (in this instance, non-member tenants) to whom smaller or no patronage dividends are paid, the taxpayer is clearly precluded from including in its patronage dividend deduction the amounts paid to the members that were attributable to the non-member tenants' shares of the sugar cane crop.

The mandate of Section 1388(a) specifically excludes from deductible patronage dividends amounts paid out of earnings from business done with or for other patrons to whom smaller or no amounts are paid is discussed in Treasury Regulations on Income Tax, Section 1.1388–1(a)(2), as follows:

(a) Patronage dividend— * * *

* * * * * *

(ii) An amount paid to a patron by a cooperative organization to the extent that such amount is paid out of earnings from business done with or for other patrons to whom no amounts are paid, or to whom smaller amounts are paid, with respect to substantially identical transactions. Thus, if a cooperative organization does not pay any patronage dividends to nonmembers, any portion of the amounts paid to members which is out of net earnings from patronage with nonmembers, and which would have been paid to. the nonmembers if all patrons were treated alike, is not a patronage dividend. (Emphasis supplied.)

Treasury Regulations on Income Tax, Section 1.1388–1(e), define "patron" as follows:

> (e) *Patron.* The term "patron" includes any person with whom or for whom the cooperative association does business on a cooperative basis, whether a member or a nonmember of the cooperative association, and whether an individual, a trust, estate, partnership, company, corporation, or cooperative association.

In the United States Senate's explanation of Code Section 1388, S.Rep.No. 1881, 87th Cong., 2d Sess., p. 317, U.S. Code Cong. & Admin. News 1962, pp. 3297, 3620 (1962–3 Cum.Bull. 707, 1021), the legislative intention is expressed as follows:

> It is made clear that there are not to be included as patronage dividends any amounts which are out of earnings other than from business done with or for patrons, or any amounts paid to patrons which are attributable to the patronage of other patrons to whom no amounts are paid, or to whom smaller amounts are paid, with respect to substantially identical transactions. Thus, if a cooperative does not pay any patronage dividends to nonmembers, any portion of the amounts paid to members which is out of net earnings from patronage with nonmembers, and which would have been paid to the nonmembers if all patrons were treated alike, is not a patronage dividend.

Subchapter T of the Internal Revenue Code, which contains Sections 1382(b) and 1388(a), was passed into law on October 16, 1962. It was, as specified in Section 17(c) of that Act, expressly made applicable to taxable years beginning after December 31, 1962. Thus, Sections 1382(b) and 1388(a) are applicable only to the latter of the two years involved in this case. However, prior to the passage of the Revenue Act of 1962, the courts had already held that, to the extent that a cooperative makes a distribution out of earnings from non-member business, the distribution is of profits, rather than a distribution to effectuate a corrective adjustment due the member for his patronage. Such distributions of profit were held to be nondeductible by the cooperative. United States v. Mississippi Chemical Co., 326 F.2d 569 (C.A.5, 1964); Pomeroy Cooperative Grain Co. v. Commissioner, 288 F.2d 326 (C.A. 8, 1961).

A case almost identical with the instant case, was decided by the Fifth Circuit Court of Appeals—Smith & Wiggins Gin, Inc. v. Commissioner, 341 F.2d 341 (1965). There, the Fifth Circuit held that patronage dividends were not deductible to the extent that they were paid to member landlords out of earnings attributable to the non-member tenants' shares of the cotton crops which gave rise to the patronage dividends.

The taxpayer in Smith & Wiggins Gin, Inc., was a corporation organized for profit, which engaged in the business of ginning the cotton crops of its member landlords and their non-member tenants. The membership and patronage agreement which the member landlords were required to sign provided that the agreement covered all cotton produced on all lands owned, controlled, or operated by them. The taxpayer gin was legally obligated to distribute patronage dividends to the member landlords but not to the latter's non-member tenants. While the taxpayer gin was under no obligation to rebate anything to the non-member tenants, it did in practice make a flat rebate of three dollars per bale to the non-members to meet competition. When the rebate to which each member landlord was entitled was computed, the member was credited not only with his share of the cotton crop, but also with his non-member tenant's share of the crop. The full rebate or patronage dividend was made only to the member and not to the tenant. The Court held that to the extent that the gin's patronage dividends were attributable to the non-member tenants' shares of the cotton, the distributions were not

true patronage dividends and were therefore not deductible. The court's reasoning and theory was that such distributions do not represent a rebate on the members' business, but instead represent profit made on non-member business, which will not qualify as a true patronage dividend.

The taxpayer contends that since its bylaws and the marketing agreements between taxpayer and its members required the latter to deliver to taxpayer all of the sugar cane crop, including the non-member tenants' shares of the crop, the business was transacted by only the members, and therefore the full patronage refund should be deductible. This contention is without merit, because it completely overlooks the fact that while the disputed portion of the patronage dividend was derived from the non-member tenants' shares of the crop, taxpayer was legally obligated to, and in fact did, pay it to the members. The law clearly states that such a portion of a patronage dividend or refund is not a true patronage dividend, and consequently is not deductible for federal income tax purposes.

Judgment should be and is granted to defendant. Order attached.