**IBERIA SUGAR COOPERATIVE, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 72–3719**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.
May 29, 1973.

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Jack J. Cousin, Jacob S. Landry, New Iberia, La., for plaintiff-appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Fleming T. de Graffenried, Dept. of Justice, Dallas, Tex., Donald E. Walter, U. S. Atty., Shreveport, La., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant Iberia Sugar Cooperative, Inc., sued unsuccessfully in the court be-low for a refund of federal income taxes paid by it for its fiscal years ending March 31, 1963, and March 31, 1964. The facts are set out in detail in the district court's Memorandum Opinion, 360 F.Supp. 967, and may be summarized as follows. Appellant is a corporation which during the years in issue was engaged in the cooperative processing and marketing of sugar cane. The marketing agreements between appellant and its members, each of whom was engaged in the production of sugar cane as either landlord or tenant, required each member, for a period of ten years, to furnish appellant all the sugar cane produced or acquired by the member. At the end of each fiscal year appellant's profits were distributed to its members in the form of patronage dividends, in accordance with the quantity of sugar cane deemed to have been furnished by each member. In the case of member landlords, this quantity included sugar cane harvested and delivered to appellant by non-member tenants under crop-sharing arrangements with the member landlords.

Section 1382(b)(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 1382 (b)(1), permits a cooperative association to exclude from its taxable income amounts paid to its members as patronage dividends.[1] In computing the amount of patronage dividends to be excluded from its taxable income for each of the years in question, appellant included not only the amounts paid to member landlords with respect to the *landlords'* share of their non-member tenants' crops, but also amounts paid to

---

1. The Internal Revenue Code defines "patronage dividend" as follows:

    Patronage dividend. For purposes of this subchapter, the term "patronage dividend" means an amount paid to a patron by an organization to which part I of this subchapter applies—

    (1) on the basis of quantity or value of business done with or for such patron,

    (2) under an obligation of such organization to pay such amount, which obligation existed before the organization received the amount so paid, and

    (3) which is determined by reference to the net earnings of the organization from business done with or for its patrons.

    Such term does not include any amount paid to a patron to the extent that . . . (B) such amount is out of earnings from business done with or for other patrons to whom no amounts are paid, or to whom smaller amounts are paid, with respect to substantially identical transactions.

    26 U.S.C. § 1388(a).

member landlords with respect to their *non-member tenants*' shares of the crops. The Internal Revenue Service disallowed exclusion of that portion of the payments attributable to the non-member tenants' shares of the crops, and this suit followed.[2]

Codified in 1962, Section 1388(a) follows earlier case law, *see* Pomeroy Cooperative Grain Co. v. Commissioner of Internal Revenue, 8th Cir. 1961, 288 F.2d 326, insofar as it prohibits the exclusion from taxable income of "any amount paid to a patron to the extent that . . . (B) such amount is out of earnings from business done with or for other patrons to whom no amounts are paid. . . ." Appellant contends that it was "doing business" only with the member landlords when it acquired non-member tenants' crop shares, pointing to the fact that its contractual dealings were conducted exclusively with the member landlords and not with the crop-sharing non-member tenants. This court, however, applying the earlier judge-made standard, has held that patronage dividends arising from substantially identical transactions between a cotton gin and non-member tenants were not excludable from the cotton gin's taxable income, Smith & Wiggins Gin, Inc. v. Commissioner of Internal Revenue, 5th Cir. 1965, 341 F.2d 341, 350, and that case is controlling here.[3] Accordingly, the judgment below is Affirmed.

2. Despite the somewhat ambiguous statement in the district court's opinion that "the cane crop of member landlords and non-member tenants . . . was in some instances grown, harvested, and delivered by the member landlord," it is clear that the instant case concerns only crops that were grown, harvested, and delivered to appellant's mill by non-member tenants. Appellant's complaint put in issue only that portion of the cane "produced by non-member tenants on lands owned or controlled by member-stockholders of Petitioner . . . [and] delivered to petitioner's mill by the non-member tenants. . . . "

3. Although the first of appellant's fiscal years in question here, that one beginning on April 1, 1962, was not covered by Section 1388, which is effective only as to taxable years beginning after December 31, 1962, the disputed patronage dividends for that year were not properly excludable from appellant's taxable income. *See* Smith & Wiggins Gin, *supra*.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.